United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PQ LABS, INC.,

      Plaintiff,

  v.

YANG QI, ZAAGTECH, INC., JINPENG LI, and HAIPENG LI,

      Defendants.
_____/

No. 12-0450 CW

ORDER DENYING MOTION TO SEAL (Docket No. 119)

On February 12, 2014, Plaintiff PQ Labs, Inc., moved to seal an exhibit filed in support of its motions in limine. Specifically, it moved to seal Exhibit A to the declaration of Stephen Ellenberg, which contains Sandeep Chatterjee's expert report.

Because the public interest favors filing all court documents in the public record, a party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential; rather, every sealing request must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil L.R. 79-5(d).

Plaintiff has provided a declaration from its counsel, Bonnie Wolf, stating that Chatterjee's expert report contains highly confidential hardware schematics and other sensitive data which Plaintiff has identified as trade secrets in this litigation. While Wolf's declaration supports sealing certain portions of Chatterjee's report, it is not sufficient to support sealing the report in its entirety. See Civil L.R. 79-5(b) (stating that every sealing "request must be narrowly tailored to seek sealing only of sealable material"). The report contains several pages of non-sealable material, including information about Chatterjee's qualifications and background, the methods and materials he used in producing his report, his understanding of California trade secrets law, and general descriptions of the technology he examined. The Wolf declaration does not establish good cause for sealing this material.

Plaintiff's motion to seal (Docket No. 119) is therefore DENIED. Within four days of this order, Plaintiff must file Chatterjee's report in the public record, withdraw it as an exhibit, or file a renewed motion that is "narrowly tailored to seek sealing of only sealable material." Civil L.R. 79-5(b).

IT IS SO ORDERED.

Dated: 2/26/2014

CLAUDIA WILKEN
United States District Judge