IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PQ LABS, INC., et al., | No. 12-0450 CW |
| Plaintiffs, | ORDER RESOLVING MOTIONS IN LIMINE (Docket Nos. 115, 118) AND DIRECTING DEFENDANTS TO FILE SEALING MOTIONS |
| v. | |
| YANG QI, ZAAGTECH, INC., JINPENG LI, and HAIPENG LI, | |
| Defendants. | |

On February 26, 2014, the Court held a pretrial conference and heard arguments regarding the parties' motions in limine. After considering the parties' oral argument and submissions, the Court now issues the following rulings:

I.  Plaintiffs' Motions in Limine

   A.  No. 1: Motion to Exclude Expert Testimony of Sandeep Chatterjee Based on Hearsay

This motion is DENIED as moot. Defendants do not oppose this motion and will not seek to solicit testimony from Chatterjee regarding the statements Defendants made to him.

   B.  No. 2: Motion to Exclude Testimony Regarding the Potential to Reverse-Engineer PQ Labs' Trade Secrets

This motion is DENIED. As noted at the hearing, evidence regarding the reasonableness of Plaintiffs' efforts to prevent reverse-engineering of its technology is relevant to, although not

determinative of, whether that technology was the "subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).

    C.    No. 3: Motion to Exclude Testimony of Sandeep Chatterjee Regarding the Reasonableness of PQ Labs' Efforts to Protect its Trade Secrets

This motion is GRANTED. Defendants disclosed Chatterjee as a rebuttal expert and therefore may not present his opinions on subject matter that was not discussed in the report of Plaintiffs' technology expert, Andrew Wolfe. See Fed. R. Civ. P. 37(c)(1). Chatterjee may, however, testify regarding specific means of protecting circuit board technology against reverse-engineering.

II. Defendants' Motions in Limine

    A.    No. 1: Motion to Exclude All Testimony and Opinions of Mark Berkman

This motion is DENIED. Defendants' objections to Berkman's report go principally to the weight, rather than the admissibility, of his damages analysis. See Obrey v. Johnson, 400 F.3d 691, 695 (9th Cir. 2005) (noting that "objections to a study's completeness generally go to 'the weight, not the admissibility of the statistical evidence' and should be addressed by rebuttal, not exclusion" (citations omitted)); Manpower, Inc. v. Ins. Co. of Pennsylvania, 732 F.3d 796, 808 (7th Cir. 2013) ("[T]he selection of the variables to include in a regression analysis is normally a question that goes to the probative weight of the analysis rather than to its admissibility." (citing Bazemore v. Friday, 478 U.S. 385, 400 (1986))).

2

B.    No. 2: Motion to Exclude All Testimony of Raymond Casey

This motion is DENIED.  Plaintiffs have represented that Casey will only be called, if at all, as a rebuttal witness.

C.    No. 3: Motion to Exclude Confidentiality Agreements Not Previously Disclosed or Produced During Discovery

This motion is DENIED.  Plaintiffs have shown that their shown that their delay in producing these confidentiality agreements was "harmless" and did not hinder Defendants' ability to prepare for trial.  Fed. R. Civ. P. 37(c)(1).

III. Exhibits Filed in Support of Defendants' Briefs on Motions in Limine

Defendants have redacted portions of several exhibits filed in support of their motions in limine and their opposition to Plaintiffs' motions in limine.  See Docket Nos. 117 & 138, Declarations of Perry Narancic.  However, they failed to obtain leave of the Court to file these documents under seal, as required by Civil Local Rule 79-5.  Accordingly, within five days of this order, Defendants must either file unredacted versions of these documents in the public record or file a motion to seal these documents.  Any motion to seal "must be narrowly tailored to seek sealing only of sealable material" and must comport fully with the local rules.  Civil L.R. 79-5(d).

CONCLUSION

The parties' motions in limine (Docket Nos. 115, 118) are resolved as set forth above.  A bench trial will be held beginning at 8:30 a.m. on March 10, 2014.  If this case fails to settle at

3

the February 27, 2014 settlement conference, the parties shall attend another settlement conference in person on or before the first day of trial.

IT IS SO ORDERED.

Dated: 2/28/2014

CLAUDIA WILKEN
United States District Judge

cc: NJV