IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PQ LABS, INC., et al.,

    Plaintiffs,

  v.

YANG QI, et al.,

    Defendants.

_____/

No. C 12-450 CW

ORDER ON MOTIONS TO SEAL (Docket Nos. 92, 150, 158, 164, 176, 179, 186)

Before the Court are numerous administrative motions to seal filed by multiple parties.

Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  Any sealing request must be narrowly tailored to cover only sealable material.  Id.  The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point."  Id.

A party seeking to seal records attached to a dispositive motion bears the burden of establishing "compelling reasons supported by specific factual findings that outweigh the general

history of access and the public policies favoring disclosure." Id. at 1178-79.  This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  Id. at 1179.

The strong presumption in favor of access does not apply with equal force to non-dispositive motions, which may be only 'tangentially related" to the underlying cause of action.  Id. at 1179-80.  A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.  Id.; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

The Court provides the following rulings on the parties' motions to seal, as articulated in the table below.

| Docket No. | Ruling |
|---|---|
| 92 | PQ Labs moves to seal Exhibits A-F to the declaration of Andrew Wolfe, Ph.D., in support of PQ Labs' opposition to the Defendants' motion for summary judgment.  The motion is DENIED.  With regard to Exhibits A and B, which consist entirely of design cache displays from the PQ Labs PQ9131 schematic and the Zaagtech GodFace V1.0 XEM schematic, PQ Labs does not |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16 | | explain how merely revealing the file names displayed in these exhibits would reveal trade secrets.  With regard to Exhibits C-F, the request is not narrowly tailored to cover only the information for which there are compelling reasons to keep under seal.  The exhibits are not sealable in full; only portions revealing trade secrets, such as the schematics themselves, may be sealed.  PQ Labs may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order.  If it does not do so, the documents will be filed in the public record. |
| 17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 150 | Defendants move to seal portions of Exhibit A and the entirety of Exhibits G and H to the declaration of Perry J. Narancic in support of Defendants' motion to exclude the report and testimony of Mark P. Berkman.  The motion is GRANTED because the materials are related to a non-dispositive motion, and because Defendants limit their request to only trade secret or other confidential information. |

| 158 | Defendants move to seal certain documents that were attached to their Trial Exhibit 391. Those documents contain schematic illustrations and technical specifications of Plaintiffs' products, the publication of which would reveal trade secrets. The motion is GRANTED because Defendants limit their request to trade secret information. |
|---|---|
| 164 | Plaintiffs move to seal portions of Exhibit A to the declaration of Steven A. Ellenberg in support of their first and third motions in limine, by which Plaintiffs sought to exclude certain testimony of Defendants' expert Sandeep Chatterjee.[1] The motion is GRANTED because the materials are in support of a non-dispositive motion, and because Plaintiffs limit their request to only trade secret or other confidential information. |

---

[1] Plaintiffs previously moved to seal Exhibit A in its entirety. (Docket No. 119). The Court denied that motion, which was not narrowly tailored as required by Local Rule 79-5. Order (Docket No. 139). Plaintiffs then sought to seal only parts of Exhibit A. Renewed Mot. (Docket No. 145). The Court found good cause to seal most of the information that Plaintiffs sought to redact, but again found that the request was not sufficiently narrowly tailored, and granted the motion only in part. (Docket No. 157).

4

| | | |
|---|---|---|
| 1-7 | 176 | Plaintiffs move to seal Paragraph 31 of their Proposed Findings of Fact and Conclusions of Law, which identifies the specific trade secrets at issue in this lawsuit.  The motion is GRANTED because Plaintiffs limit their request to trade secret information. |
| 8-21 | 179 | Plaintiffs move (1) to seal from the public record, by redaction, certain parts of the Reporter's Transcript of the trial proceedings on March 10 and March 11, 2014, which concern Plaintiffs' trade secrets; and (2) to seal certain trial exhibits[2] which were admitted into evidence on March 10 and 11, 2014, and which contain trade secrets, pricing and customer data, and other confidential information.  The motion is GRANTED because Plaintiffs limit their request only to trade secret or other confidential information. |
| 22-25 | 186 | Plaintiffs move to seal Paragraphs 20 and 27 of their reply to Defendants' Proposed Findings of Fact and Conclusions of Law, which discuss the specific trade secrets |

---

[2] Plaintiffs seek to seal the following exhibits: Plaintiffs' TE 22-26, 30, 37, 132-135, 137-138, and 141-147.

5

|  | at issue in this lawsuit.  Although the specific redactions identified in Docket No. 186-3 appear to be proper, the Court observes that certain sentences from the unredacted version appear neither in the text of the redacted version, nor as redactions.  Compare Docket No. 186-3, ¶ 27, with Docket No. 186-4, ¶ 27 (filed under seal).  For this reason, the motion is DENIED.  Plaintiffs may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order.  If they do not do so, the documents will be filed in the public record. |

CONCLUSION

For the reasons set forth above, PQ Labs's Administrative Motion to File Under Seal (Docket No. 92) is DENIED, with leave to resubmit within seven days from the date of this order; Defendants' Administrative Motions to File Under Seal (Docket Nos. 150, 158) are GRANTED; Plaintiffs' Second Renewed Administrative Motion to File Under Seal (Docket No. 164) is GRANTED; Plaintiffs' Administrative Motions to File Under Seal (Docket Nos. 176, 179) are GRANTED; and Plaintiffs' Administrative Motion to File Under Seal (Docket No.186) is DENIED, with leave to resubmit within

//

//

6

seven days from the date of this order.

IT IS SO ORDERED.

Dated: 9/15/2014

CLAUDIA WILKEN
United States District Judge