IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PQ LABS, INC., et al.,

    Plaintiffs,

    v.

YANG QI, et al.,

    Defendants.

_____/

No. C 12-450 CW

ORDER ON MOTIONS TO SEAL (Docket Nos. 188, 189)

    Before the Court are Plaintiffs' renewed administrative motions to seal.

    Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  Any sealing request must be narrowly tailored to cover only sealable material.  Id.  The request must be supported by the designating party's declaration establishing that the information is sealable.  Id. subsection (d).

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point."  Id.

    A party seeking to seal records attached to a dispositive motion bears the burden of establishing "compelling reasons supported by specific factual findings that outweigh the general

history of access and the public policies favoring disclosure." Id. at 1178-79.  This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Id. at 1179.

The strong presumption in favor of access does not apply with equal force to non-dispositive motions, which may be only "tangentially related" to the underlying cause of action. Id. at 1179-80.  A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. Id.; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).

The Court rules on the renewed motions to seal, as follows.

| Docket No. | Ruling |
| --- | --- |
| 188 | Plaintiffs seek permission to file redacted versions of Exhibits C-F to the Declaration of Andrew Wolfe (Wolfe Declaration) in support of Plaintiffs' opposition to Defendants' motion for summary judgment.  The motion is GRANTED because Plaintiffs limit their redactions to only trade secret information. |
| 189 | Plaintiffs seek permission to file a redacted version of their reply to |

2

| |Defendants' proposed findings of fact and conclusions of law.  The motion is GRANTED because Plaintiffs limit their redactions to only trade secret information.|
|---|---|

CONCLUSION

For the reasons set forth above, Plaintiffs' Renewed Administrative Motions to File Under Seal (Docket Nos. 188, 189) are GRANTED.

IT IS SO ORDERED.

Dated: September 30, 2014



CLAUDIA WILKEN
United States District Judge