UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PQ LABS, INC., et al.,

    Plaintiffs,

v.

YANG QI, et al.,

    Defendants.

Case No. 12-cv-00450-CW   (DMR)

**REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR ASSIGNMENT ORDER**

Re: Dkt. No. 215

Plaintiffs PQ Labs, Inc. and Shanghai PinQi Digital Technology Co., Ltd. move for an assignment order pursuant to California Code of Civil Procedure section 708.510, seeking to collect on a final judgment against Defendants Yang Qi, Jinpeng Li, and Zaagtech, Inc. [Docket No. 215.] The Honorable Claudia Wilken referred the matter to the undersigned for a report and recommendation. The court has determined that this matter is appropriate for determination without a hearing pursuant to Civil Local Rule 7-1(b). For the following reasons, the court issues this report and recommendation, with a recommendation that the motion be GRANTED.

## I. Background

Plaintiff PQ Labs, Inc. ("PQ") is a California corporation that designs, develops, manufactures, and sells hardware and software "in the form of multi-touch screen overlays, which turn regular monitors into touch-screen monitors." Shanghai PinQi Digital Technology Co., Ltd. ("PinQi") is a Chinese corporation that is a wholly-owned subsidiary of PQ. [Docket No. 191 (Sept. 30, 2014 Findings of Fact and Conclusions of Law) 1-2.] Plaintiffs brought this action against Defendants Yang Qi, Jinpeng Li, and Zaagtech, Inc. ("Zaagtech")[1] in 2012 for

---

[1] Plaintiffs also named Haipeng Li as a defendant. The court dismissed Plaintiffs' claims against Haipeng Li for failure to prosecute. [Docket Nos. 192 (Judgment); 195 (Order Granting Motion

misappropriation of trade secrets, copyright infringement, trademark infringement, breach of contract, and various other business-related torts. Zaagtech is a Chinese corporation that sells multi-touch technology products and competes directly with PQ and PinQi. Yang Qi performed work for PQ through a human resources consulting firm and founded Zaagtech the same month he left PQ. Jinpeng Li worked for Plaintiffs and later worked for Zaagtech. (Findings of Fact and Conclusions of law 2-4.)

Judge Wilken conducted a bench trial, and on September 30, 2014, issued Findings of Fact and Conclusions of Law. The court found, among other things, that Defendants willfully and maliciously misappropriated Plaintiffs' trade secrets. (Findings of Fact and Conclusions of Law 8.) The court subsequently entered a judgment in favor of Plaintiffs and against Defendants for the total sum of $636,350, with all three Defendants jointly and severally liable for $215,450 in actual damages, and Defendants Yang Qi and Jinpeng Li jointly and severally liable for $430,900 in exemplary damages. [Docket No. 192 (Judgment).] On January 16, 2015, the court granted Plaintiffs' motion for attorneys' fees in the amount of $1,110,254.06. [Docket No. 213.] The court entered a permanent injunction enjoining Defendants from any further misappropriation of Plaintiffs' trade secrets, using Plaintiffs' trademarks without permission, and conducting advertising suggesting the existence of a business relationship between Plaintiffs and Defendants. [Docket No. 193 (Injunction).]

According to Plaintiffs, the only known assets of Defendants in California are payments owed to Zaagtech by third party IDS Pulse, LLC ("IDS Pulse"), a former distributor of Zaagtech products. IDS Pulse has represented that it currently owes $14,479.00 to Zaagtech for products it purchased, but claims that the amount owed may be reduced based on its expectation that some customers will return Zaagtech product to IDS Pulse. (Lee Decl., Feb. 4, 2015, ¶¶ 7, 8, Exs. E, G.) Plaintiffs now move for an order directing Defendants to assign to Plaintiffs the rights to payment due or to become due from IDS Pulse. They also ask that the court order Defendants "to account monthly to the [Plaintiffs] for all funds [Defendants] receive in connection with the obligations

---

for Attorneys' Fees) 1 n.1.] As used in this report and recommendation, the term "Defendants" refers to Yang Qi, Jinpeng Li, and Zaagtech.

that are the subject of this assignment and any other sums owed to [D]efendants by any other third parties, until [P]laintiffs' judgment is satisfied." Defendants do not oppose the motion. [Docket No. 220 (Statement of Non-Opposition).] Third party IDS Pulse filed a response, asking the court to modify Plaintiffs' proposed assignment order. [Docket No. 221 (Response).]

## II. Legal Standard

The execution of final judgments is governed by Federal Rule of Civil Procedure 69, which provides that with respect to a money judgment, the court "must accord with the procedure of the state where the court is located," except that "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In California, a judgment creditor may obtain an assignment order against a judgment debtor pursuant to California Code of Civil Procedure section 708.510(a), which provides that "the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments," such as wages due that are not subject to withholding under an earnings withholding order, rents, commissions, royalties, payments due from a patent or copyright, or insurance policy loan value. The 1982 legislative committee comments on this provision state that section 708.510 "provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable, general intangibles, judgments, and instruments . . . . [t]his remedy may be used alone or in conjunction with other remedies provided in this title for reaching rights to payment, such as execution, orders in examination proceedings, creditors' suits, and receivership."

## III. Discussion

Plaintiffs move for an order directing Defendants[2]:

> to assign to plaintiffs/judgment creditors PQ Labs, Inc. and Shanghai PinQi Digital Technology Co., Ltd. the rights to payment due or to become due to the defendant/judgment debtors from obligor IDS Pulse, LLC and to account monthly to the plaintiffs/judgment creditors for all funds the defendants/judgment debtors receive in connection with the obligations that are the

---

[2] Plaintiffs' proposed order names Haipeng Li as a Defendant subject to the assignment order. As noted above, the court dismissed all claims against Haipeng Li following the bench trial; judgment was entered against Yang Qi, Jinpeng Li, and Zaagtech only.

> subject of this assignment and any other sums owed to defendants by any other third parties, until the plaintiffs' judgment is satisfied.

[Docket No. 215-1 (Proposed Assignment Order).] The $14,479.00 owed by IDS Pulse to Zaagtech is a "right to payment due" that is assignable to Plaintiffs pursuant to section 708.510(a).

As noted, Defendants do not oppose the motion. However, IDS Pulse filed a response to Plaintiffs' motion. While IDS does not dispute Plaintiffs' right to assignment of the amounts it owes to Zaagtech, it seeks a modification of the proposed assignment order. IDS Pulse asserts that it sells electronic components, and that Zaagtech was one of its component suppliers. IDS Pulse claims that it ceased distributing Zaagtech products in December 2014, when it learned of the court's judgment and injunction, and placed a hold on the transfer of monies "that were known or reasonably believed to belong to or to be owed to Zaagtech." (Response 1; Gordon Decl., March 9, 2015, ¶¶ 2-4.) It further explains that although it is presently holding $14,479.00 owed to Zaagtech, this amount may be reduced if IDS Pulse customers return Zaagtech products to IDS Pulse pursuant to the one-year warranty issued in connection with those products. According to Rick Gordon, IDS Pulse's executive vice president of sales,

> Based on my experience selling electronic touchscreens and related computer components manufactured by Zaagtech and other manufacturers, I anticipate that some Zaagtech units may be returned in the future if they prove to be defective. Such defects, and the resulting buyer returns, often occur in a small percentage of the units sold of any product and are not unexpected.

(Gordon Decl. ¶ 5.) In the event of a return, IDS Pulse typically replaces a defective unit with a new unit of the same model and receives a credit for the defective unit from the manufacturer; however, as IDS Pulse is no longer a Zaagtech distributor, IDS Pulse claims that this procedure is no longer possible. (Gordon Decl. ¶ 7.) Instead, IDS Pulse will offer a credit to any customers returning Zaagtech products, but will itself receive no credit or reimbursement from Zaagtech for any defective units returned to IDS Pulse, thus suffering a loss. For example, IDS Pulse claims that in early February, a customer asked to return two defective Zaagtech units. Although it has not yet received the defective units, IDS Pulse contends that it will be out of pocket in the total amount of $620.00 for the two units once they are received and the customer credited. (Gordon Decl. ¶¶ 8, 9.)

4

The Zaagtech products sold by IDS Pulse included a one-year warranty pursuant to which the product could be returned. According to IDS Pulse, it will accept no returns of Zaagtech product after November 30, 2015, one year after its final delivery of Zaagtech product to a customer. (Gordon Decl. ¶ 6.) Therefore, IDS Pulse asks that any assignment order take into account the impact of customer returns on the amount payable by IDS Pulse to Zaagtech, and that IDS Pulse only be required to pay to Plaintiffs the amount it owes Zaagtech – $14,479.00 – less costs incurred for units returned by customers during the applicable warranty period. IDS Pulse represents that it will be able to provide an accounting of returns and customer credits by December 7, 2015, and asks that it be permitted to hold the amount presently owed to Zaagtech in escrow in an interest-bearing account until December 7, 2015, at which time it will provide Plaintiffs with an accounting for customer returns of Zaagtech product and pay Plaintiffs only the $14,479.00 presently owed to Zaagtech less the total amount of the costs identified in the accounting for customer returns. (Response 3; Gordon Decl. ¶¶ 10-12.)

IDS Pulse has not shown that the returns it anticipates have anything to do with the amount it currently owes Zaagtech. In other words, IDS Pulse would only be entitled to a credit against the amount currently owed, $14,479, for the return of defective products that arise from the purchases which are included in this amount. IDS Pulse has not made any showing that this is the case. Moreover, it is not clear that IDS Pulse will be unable to obtain payment from Zaagtech for future credits for customer returns. IDS Pulse's position that it will suffer a loss is purely speculative; as Plaintiffs note, IDS Pulse will have the same rights as any other Zaagtech creditor. Accordingly, the court finds that IDS Pulse has failed to show that Plaintiffs' proposed assignment order should be modified or that payment by IDS Pulse to Plaintiffs should be delayed.

### IV. Conclusion

For the foregoing reasons, the court recommends that Plaintiffs' motion for an assignment order as to Defendants Yang Qi, Jinpeng Li, and Zaagtech be GRANTED. The court further recommends that the court enter the following order:

> The court orders that Defendants/judgment debtors Yang Qi, Jinpeng Li, and Zaagtech, Inc. assign to Plaintiffs/judgment creditors PQ Labs, Inc. and Shanghai PinQi Digital Technology Co.,

5

Ltd. the rights to payment due or to become due to Defendants/judgment debtors from obligor IDS Pulse, LLC and that Defendants/ judgment debtors account monthly to Plaintiffs/judgment creditors for all funds Defendants/judgment debtors receive in connection with the obligations that are the subject of this assignment and any other sums owed to Defendants by any other third parties, until Plaintiffs' judgment is satisfied.

Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED**.

Dated: March 18, 2015



DONNA M. RYU
United States Magistrate Judge

6